# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| RICHARD E. ALLEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-01014-JDB-egb |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* 28 U.S.C. § 2255 motion of the Petitioner, Richard Alley, to vacate, set aside or correct his sentence (the "Petition") filed January 25, 2016. (D.E. 1.) On January 21, 2014, a federal grand jury, in Case No. 1:14-10008, returned a multi-count indictment against Petitioner and others, charging them with various drug offenses. Attorney A. Russell Larson was appointed to represent Alley on January 28, 2014. (Case No. 1:14-10008, D.E. 36.) On July 21, 2015, Petitioner entered a guilty plea in which he waived his right to appeal. (*Id.,* D.E. 579.) At a hearing on October 21, 2015, he was sentenced to a total of 144 months incarceration. (*Id.,* D.E. 609.) No notice of appeal was filed.

In his Petition, Alley asserts that, at the conclusion of the sentencing hearing, he requested that Mr. Larson file a notice of appeal, notwithstanding the waiver, and counsel verbally agreed to do so. His lawyer's failure to appeal his conviction, argues the Petitioner, amounted to ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). In responding to the Petition, the Government submitted Mr. Larson's affidavit, in which he stated that he could locate no evidence of an oral or written request by Alley following the sentencing hearing that an appeal be filed. Under such circumstances, courts in this Circuit are to conduct an evidentiary hearing to resolve the factual dispute. *See Campbell v. United*

*States*, 686 F.3d 353, 359-60 (6th Cir. 2012).

This matter was referred to the United States magistrate judge, pursuant to Rule 8(b) of the Rules Governing § 2255 Proceedings (the "§ 2255 Rules"), for an evidentiary hearing on the issue of whether the Petitioner requested that his attorney file a notice of appeal on his behalf and for the filing of proposed findings of fact and recommendations for disposition. On September 23, 2016, this Court appointed attorney Michael Stengel to represent Movant for the purposes of an evidentiary hearing.

On November 23, 2016, an evidentiary hearing was held in this matter. Petitioner Alley testified under oath that he requested that Mr. Larson file a notice of appeal at the conclusion of the sentencing hearing. Attorney A. Russell Larson also testified. He testified, in relevant part, that he had no recollection of Mr. Alley having made any request for a notice of appeal to be filed at the conclusion of the sentencing hearing, and that had Mr. Alley done so he would have filed that notice. On November 27, 2016, Petitioner's counsel filed a post-hearing brief arguing that the evidence presented at the hearing supports Petitioner's position that Mr. Alley is entitled to a delayed appeal.

Ineffective assistance of counsel claims are mixed questions of law and fact. *See Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012). In *Campbell*, the Sixth Circuit held that even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal. It is the Magistrate Judge's opinion here, after listening to the testimony of Petitioner and Mr. Larson, that both were credible in their testimony. Petitioner unequivocally stated that he requested the appeal at the end of the sentencing hearing. While, as Petitioner's brief points out,

Mr. Larson's testimony focused on his lack of specific recall and the fact that he could not find the request documented in his file. Accordingly, finding that Mr. Alley's testimony was uncontroverted, and based on the clear holding of *Campbell* that the failure to file the requested appeal is ineffective assistance of counsel as a matter of law, the Magistrate Judge recommends a finding that the request for delayed appeal be granted.

Respectfully Submitted this 5th day of December, 2016

<u>s/Edward G. Bryant</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**