IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RICHARD E. ALLEY,

    Petitioner,

v.                                        No. 16-1014

UNITED STATES OF AMERICA,

    Respondent.
_____

ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING
PETITIONER DELAYED APPEAL
_____

        Before the Court is the January 25, 2016, *pro se* petition of Richard E. Alley, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence (the "Petition"). (Docket Entry "D.E." 1.) On January 21, 2014, a federal grand jury, in Case No. 1:14-10008, returned a multi-count indictment against Petitioner and others, charging them with various drug offenses. Attorney A. Russell Larson was appointed to represent Alley on January 28, 2014. (Case No. 1:14-10008, D.E. 36.) On July 21, 2015, Petitioner entered a guilty plea in which he waived his right to appeal. (Case No. 1:14-10008, D.E. 579.) At a hearing on October 21, 2015, he was sentenced to a total of 144 months incarceration. (Case No. 1:14-10008, D.E. 609.) No notice of appeal was filed.

        In the Petition, Alley asserted that, at the conclusion of the sentencing hearing, he requested that Larson file a notice of appeal, notwithstanding the waiver, and counsel verbally agreed to do so. His lawyer's failure to appeal his conviction, argued the Petitioner, amounted to ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). In responding to the Petition, the Government submitted Larson's affidavit, in which he stated that

he could locate no evidence of an oral or written request by Alley following the sentencing hearing that an appeal be filed.

Under such circumstances, courts in this Circuit are to conduct an evidentiary hearing to resolve the factual dispute. *See Campbell v. United States*, 686 F.3d 353, 359-60 (6th Cir. 2012). Accordingly, on July 13, 2016, the undersigned referred this matter to the United States magistrate judge for the purposes of taking testimony and preparing proposed findings of fact and recommendations for disposition. (D.E. 13.) Following a hearing on November 23, 2016, in which Petitioner was represented by appointed counsel, Magistrate Judge Edward G. Bryant entered a report and recommendation on December 5, 2016, finding that Alley requested Larson file a notice of appeal and that his attorney's failure to do so constituted ineffective assistance of counsel as a matter of law. (D.E. 32.) He recommended that Petitioner be granted a delayed appeal. (*Id.*)

As no objections to the magistrate judge's report and recommendation have been filed and the time for such objections has expired, and upon review of the record, the report and recommendation is ADOPTED and Petitioner is hereby granted a delayed appeal in Case No. 1:14-10008. *See Campbell*, 686 F.3d at 360 ("We therefore hold that even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal."). The Petition is GRANTED.[1] Further, the judgment previously entered in Case No. 1:14-10008 on October 22, 2015, is VACATED and SET ASIDE. An amended judgment will be entered for the purpose of permitting Alley to file a delayed appeal. Upon filing of the amended judgment, the Clerk of

---

[1] In light of the Court's grant of the Petition, Alley's pending motion for due process, filed February 8, 2016 (D.E. 3), is DENIED as moot.

Court is DIRECTED to file a notice of appeal on behalf of the Petitioner. Based on Alley's financial status as noted by the magistrate judge in appointing counsel to represent him at the evidentiary hearing (*see* D.E. 17), Petitioner qualifies for appointment of counsel to prosecute his appeal. The Court will, however, defer to the United States Court of Appeals for the Sixth Circuit to appoint counsel in connection with the appeal. Considering this Court's finding that Larson's representation was ineffective, it is not recommended that he receive such appointment.

IT IS SO ORDERED this 5th day of January 2017.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE